SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264
ANDOLYN JOHNSON
Nevada Bar No. 14723
Assistant United States Attorney
400 South Virginia Street, Suite 900
Reno, Nevada 89501
Phone: 775-784-5438
Andolyn.Johnson@usdoj.gov

*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:25-CR-00012-ART-CSD |
| Plaintiff, | **JOINT DISCOVERY AGREEMENT** |
| vs. | |
| GAVIN H. ROBERTS, | |
| Defendant. | |

Pursuant to LCR 16-1(b)(1) of the Local Rules of Practice for the District of Nevada, the United States, by and through the United States Attorney for the District of Nevada, and defendant, by and though the undersigned counsel, agree as follows.

**Statement of Intent**

The purpose of the Joint Discovery Agreement is to provide a predictable framework for pre-trial disclosure of information, to establish a method for resolution of discovery disputes without the need for Court intervention, and to provide a means for the well-informed and efficient resolution of cases. The discovery schedule outlined below may be continued by stipulation of the parties or upon the Court's finding of good cause.

**Discovery Schedule**

A. No later than **10 days** after defendant's arraignment, the government will disclose:

    1. All statements, documents, and objects, including audio, video and body-worn camera recordings, required to be disclosed under Rules 16(a)(1)(A)-(F), Federal Rules of Criminal Procedure.

    2. All search warrants, orders authorizing the interception of wire, oral or electronic communications, and supporting affidavits, that relate to evidence that may be offered at trial.

    3. All police or investigative reports that relate to the charges in the Indictment, except for reports, memoranda, or other internal government documents that relate to interviews of prospective witnesses.

B. No later than **45 days** after arraignment and plea the government will disclose any reports or memoranda of interviews of witnesses the government intends to call in its case in chief.

C. The parties will provide expert disclosures as required under Rules 16(a)(1)(G) and (b)(1)(C) of the Federal Rules of Criminal Procedure:

    1. The government will provide such expert notice no later than **45 days** before trial.

    2. Defendant will provide such expert notice no later than **30 days** before trial**.**

    3. If the evidence is solely to contradict or rebut evidence on the same subject matter, the parties will provide expert disclosures within **14 days** after the other party's disclosure.

D. No later than **30 days** before trial:

    1. Defendant will disclose all documents, objects, and reports of examination required under Rules 16(b)(1)(A) and (B), Federal Rules of Criminal Procedure.

      2.     Defendant will provide notice of any defenses under Rule 12.1, Federal Rules of Criminal Procedure.

E.    No later than **10 days** before trial:

      1.     The parties will disclose any summaries, charts, or calculations, that will be offered at trial.

      2.     The parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered at trial.

      3.     The government will disclose any statements of witnesses under Title 18, United States Code, Section 3500.

      4.     Defendant will disclose any statements, as defined in FRCRP 26.2(f), of non-expert witnesses defendant intends to call at trial which relates to the subject matter of the witness's testimony.

F.    Any party withholding the disclosure of items subject to this agreement will provide notice to the other party of the intent to withhold disclosure and describe the nature of the item and the basis for withholding disclosure.

## Limitations

The parties agree that the disclosure deadlines set forth above apply to those objects, documents, items, and other disclosure matters that are in the possession, custody, or control of the parties at the time the obligation to disclose arises. Nothing in this agreement is intended to relieve either party of the continuing duty to provide disclosures up to and through trial as to any matters required to be disclosed by statute, rule, or the United States Constitution. Moreover, the Joint Discovery Agreement is not intended to create remedies not otherwise available to the parties under the U.S. Constitution, statute, or the Federal Rules of Criminal

Procedure, nor is it intended to serve as a basis for allegations of misconduct or other claims for relief.

### Duty to Resolve Discovery Matters Informally

The parties further acknowledge a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures before seeking relief from the Court. A breach of the duty to meet and confer, by either party, may serve as the basis to grant or deny any subsequent motion for appropriate relief made before the Court.

DATED this 17th day of April, 2025.

| | |
|---|---|
| SIGAL CHATTAH<br>United States Attorney | RENE L. VALLADARES<br>Federal Public Defender |
| By: /s/ Andolyn Johnson<br>ANDOLYN JOHNSON<br>Assistant United States Attorney | By: /s/ Sean McClelland<br>SEAN MCCLELLAND<br>Assistant Federal Public Defender |